CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 28 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GEORGE DESHAWN MOORE,<br><br>*Defendant.* | CRIMINAL CASE NO. 4:03-CR-70123<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Government's Motion in Limine, filed March 24, 2005 (Document # 52). The Court held a hearing on this Motion, among others, on March 28, 2005. At the Court's request, the Government refiled its Motion with a supporting memorandum of law on May 9, 2005 (Document # 66). Defendant filed a memorandum in opposition to the Government's Motion on May 11, 2005 (Document # 67). In its Motion, the Government requests that Defendant be prohibited from arguing that his appearance for trial, in conjunction with his co-defendant's absence, is indicative of his innocence and his co-defendant's guilt. For the reasons stated below, the Court DENIES the Government's Motion in Limine.

On July 8, 2003, police officers stopped a vehicle for a traffic violation. James Moore was the driver of the vehicle, and George Moore, the Defendant, was in the passenger's seat. During a subsequent search, the police recovered two firearms under the passenger's seat and narcotics in the center console of the vehicle. James Moore and Defendant were charged with possession of cocaine base with the intent to distribute and possession of a firearm in furtherance

of a drug trafficking crime. The trial is set for July 5, 2005. James Moore has twice absconded and is currently a fugitive. At trial, Defendant intends to argue that James Moore, the driver of the vehicle, was responsible for the firearms and the narcotics, not Defendant. Defendant intends to make this argument by introducing evidence that James Moore is a fugitive and by arguing that his flight (coupled with Defendant's presence at trial) is indicative of James's guilt and Defendant's innocence.

In its Motion in Limine, the Government argues that Defendant should not be able to introduce evidence of James Moore's flight or to argue that James's flight is indicative of his guilt and Defendant's innocence. The Government also argues that although a jury is entitled to be instructed that flight is evidence of guilt, this instruction applies *only* to the fleeing party. The Government could find no case law, nor any jury instruction, that would support an instruction that a co-defendant's flight can be used to create an inference of innocence for another defendant. Thus, the Government argues that Defendant is not entitled to such an instruction based on James's flight. The Government also offers the case of *United States v. Bollin* to support its position that Defendant should not be allowed to make such an argument at trial. *See United States v. Bollin*, 264 F.3d 391, 413 (4th Cir. 2001) (holding that a federal district court did not abuse its discretion by excluding evidence of a co-defendant's flight).

Defendant, on the other hand, argues that the black letter rule that flight creates an inference of guilt should apply here to create an inference that James Moore is guilty and by inference, Defendant is not guilty. *See United States v. Porter*, 821 F.2d 968, 976 (4th Cir. 1987) (stating that evidence of flight leads to an inference of guilt). Defendant also argues the jurors should receive a "truthful explanation" about the absence of a co-defendant, citing to several cases to support this position. *See United States v. Beasley*, 519 F.2d 233, 239 (5th Cir.

1975) ("Most experienced trial judges think the best, safest and fairest procedure to all is a simple and honest statement to the jury as to why codefendants are no longer such."); *United States v. Jones*, 425 F.2d 1048, 1054 (9th Cir. 1970) ("If no explanation is made to a jury of why certain defendants, originally in a criminal case, are no longer participants at the trial, the jury is full of curiosity, conjecture and surmise.").

The Court agrees with the Government that Defendant is not entitled to a jury instruction that James's flight is evidence of his guilt and of Defendant's innocence. The Court can find no law that would support such an instruction. The instruction that flight is circumstantial evidence of guilt only applies to the guilt of *that* defendant, and cannot be extended any further. Therefore, the Court will not allow a jury instruction which indicates that James Moore's flight is evidence of his guilt and also evidence of Defendant's innocence.

The lack of a jury instruction, however, does not prevent Defendant from making use of this evidence and using it for argument at trial. Whether the evidence of James Moore's flight should be admitted at trial is within the Court's discretion under the Federal Rules of Evidence. *See Bollin*, 264 F.3d at 413. The Court is not required to exclude such evidence by the Fourth Circuit case of *United States v. Bollin*, as the Government argues. *Bollin* simply states that the district court did not *abuse its discretion* by excluding evidence of the co-defendant's flight. *Id.* Similarly, the cases relied on by Defendant do not require the Court to *allow* the introduction of the evidence.[1]

---

[1] Defendant cites to *United States v. Beasley*, 519 F.2d 233, 239 (5th Cir. 1975) ("Most experienced trial judges think the best, safest and fairest procedure to all is a simple and honest statement to the jury as to why codefendants are no longer such."), and *United States v. Jones*, 425 F.2d 1048, 1054 (9th Cir. 1970) ("If no explanation is made to a jury of why certain defendants, originally in a criminal case, are no longer participants at the trial, the jury is full of curiosity, conjecture and surmise."). Both of these cases involved scenarios where co-defendants plead guilty and thus started disappearing *during the trial*. These cases obviously present a very different situation than the one here. It is common sense that a judge would offer an explanation for a co-defendant's unexplained absence which occurs *during* the trial. These cases do not support the proposition that this Court must give an explanation for James Moore's absence, which occurred before, not during, the trial.

The Court agrees with Defendant that evidence of James Moore's flight is relevant to the question of Defendant's guilt. Defendant should be able to argue that it was James Moore, not him, who was responsible for the narcotics and the firearms in the car. Because Defendant will not have the opportunity to question James Moore because he is a fugitive, his defense will primarily be based on circumstantial evidence. Therefore, Defendant should be able to argue that James Moore's flight makes it more likely that he was the culpable party, not Defendant. At this time, the Court does not find that the probative value of this evidence is outweighed by the danger of unfair prejudice or confusion of the issues under Federal Rule of Evidence 403. Accordingly, at this time, the Court will not prohibit Defendant from introducing evidence and arguing to the jury about James Moore's flight. The Government's Motion in Limine is hereby DENIED.

An appropriate Order shall issue.

The Clerk of the Court is directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*

U.S. District Judge

*June 28, 2005*

Date