CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 19 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GEORGE DESHAWN MOORE, <br><br>　　　　　　　　*Defendant.* | CRIMINAL CASE NO. 4:03-CR-70123 <br><br> ORDER & OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Government's Second Motion in Limine, filed June 30, 2005. In its motion, the Government requests that it be allowed to argue an alternate theory as to why James Moore absconded. The Government wants to argue that James Moore absconded because he was afraid for his safety after testifying against his co-defendant and another drug dealer, not because he was trying to avoid prosecution. In support of this argument, the Government wants to introduce evidence of: (1) James Moore's July 14, 2003 statement to the Virginia State Police in which he implicated himself, Defendant George Deshawn Moore, and an individual named Carlos Smith; (2) James Moore's July 22, 2003 interview with the Virginia State Police in which he gave information consistent with his first statement; and (3) James Moore's September 18, 2003 appearance before a federal grand jury, in which he gave sworn testimony consistent with his first two statements. The Government argues that James Moore's cooperation with the Government supports the argument that he fled because he was afraid for his safety after testifying against his co-defendant and another alleged drug dealer.

Although this may be true, the Government cannot introduce such evidence because it would violate the Sixth Amendment Confrontation Clause under the Supreme Court case of *Crawford v. Washington*. See *Crawford v. Washington*, 541 U.S. 36 (2004) (stating that the admission of testimonial evidence, which includes prior grand jury testimony and police interrogations, against a defendant violates the Sixth Amendment Confrontation Clause unless the witness is unavailable and the defendant has had the opportunity to cross-examine that witness ). Accordingly, the Government's Second Motion in Limine is DENIED.

ENTERED: *[signature]*

U.S. District Judge

7/19/05

Date